1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM L. JOHNSON,

       Plaintiff,

   v.

BODE CONCRETE LLC, ET AL.,

       Defendants.

_____/

No. C-10-01747 JCS

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL, GRANTING MOTION TO DISMISS, DISMISSING COMPLAINT WITH LEAVE TO AMEND AND SETTING CASE MANAGEMENT CONFERENCE [Docket Nos. 11, 18]**

## I.      INTRODUCTION

Plaintiff William Johnson, proceeding pro se, filed a form complaint on April 23, 2010 alleging one violation of Title VII of the Civil Rights Act of 1964 for the discriminatory termination of his employment based on his race or color against his former employer, Bode Concrete LLC.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On April 23, 2010, he filed a motion to proceed in forma pauperis and request for appointment of counsel.  The Court granted the request to proceed in forma pauperis but denied the request for appointment of counsel without prejudice on the basis that the record was not sufficiently developed to determine whether this case is an "exceptional case" that warrants appointment of counsel.  *See* Docket No. 8 (May 6, 2010 Order).

On June 3, 2010, Defendant filed a Motion to Dismiss ("the Motion").  Pursuant to Local Rule 7-3(a) and the Court's June 23, 2010 Clerk's Notice, Plaintiff's opposition or statement of non-opposition was due by June 25, 2010.  Plaintiff did not file an opposition or a non-opposition.  He did, however, file a renewed motion for appointment of counsel on August 9, 2010.  That motion is DENIED without prejudice for the same reason the Court denied Plaintiff's previous request, namely, that a determination as to whether the case is exceptional is premature because the factual

1   record in the case has not yet been developed.   A hearing on the Motion to Dismiss was held on

2   August 13, 2010.   Plaintiff appeared at the hearing, as did counsel for Defendant.  For the reasons

3   stated below, the Motion is GRANTED and Plaintiff's complaint is dismissed with leave to amend.

4   **II.    BACKGROUND**

5          In his form civil rights complaint, Plaintiff checked boxes indicating that the act complained

6   of was the termination of his employment based on his race or color.  He further alleged that the

7   discrimination occurred on September 21, 2007.  The complaint contained a single factual allegation

8   in which Plaintiff stated that Defendant "[d]id not follow most of D.O.T. guidelines for drug test

9   subpart I section 40.193 or subpart B section 40.11."  Compl. at 2.

10         In the Motion, Defendant argues that the Court should dismiss the Complaint under Rule

11  12(b)(6) of the Federal Rules of Civil Procedure because it is wholly conclusory and devoid of any

12  factual allegations that state a claim that is "plausible on its face."  Motion at 3-4 (citing *Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007);  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

14  (2009)).  Defendant argues that although the Court must read a pro se complaint liberally, even pro

15  se plaintiffs must allege sufficient facts to provide fair notice to the defendant as to the nature of the

16  plaintiff's claims.  *Id*. at 5.  Defendant concludes that "even in the case of alleged civil rights

17  violations such as the present matter, vague and conclusory allegations, particularly under the new

18  pleading standards set forth in *Iqbal* and *Twombly*, require the Court to dismiss the action."  *Id*.  at 5.

19  **III.    ANALYSIS**

20         **A.    Legal Standard**

21               **1.    Rule 12(b)(6)**

22         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

23  fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule

24  12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

25  plausible on its face."  *Bell Atlantic Corp.*, 550 U.S. at 570.  This "facial plausibility" standard

26  requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has

27  acted unlawfully."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The court must assume that the

28

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1  plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *Usher*

2  *v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to

3  accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

4  unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

5      Pro se complaints are held to "less stringent standards than formal pleadings drafted by

6  lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where the petitioner is pro se the court has

7  an obligation, particularly in civil rights cases, to construe the pleadings liberally and to afford the

8  petitioner the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en

9  banc).  Nonetheless, a pro se plaintiff must allege facts sufficient to allow a reviewing court to

10  determine that a claim has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

11  (9th Cir. 1982).

12      **2.     Granting Leave to Amend**

13      If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant

14  leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to

15  amend even if no request to amend the pleading was made, unless it determines that the pleading

16  could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130

17  (9th Cir. 2000) (citations and internal quotation marks omitted).  "[D]ismissal of a pro se complaint

18  without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint

19  could not be cured by amendment."  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)

20  (citation omitted).

21      **B.     Application of Legal Standards**

22      Title VII makes it unlawful for an employer to "discriminate against any individual with

23  respect to his compensation, terms, conditions, or privileges of employment, because of such

24  individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).  A person is discriminated against when he or she

25  is singled out and treated less favorably than others similarly situated on account of race.  *Jauregui*

26  *v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988).  Here, Plaintiff has alleged only that his

27  employer did not follow D.O.T. guidelines.  This allegation does not support an inference of

28                                             3

1   discrimination and does not provide sufficient facts to put Defendant on notice as to the nature of

2   Plaintiff's claim.  Therefore, the Court concludes that Plaintiff's complaint should be dismissed

3   under Rule 12(b)(6) with leave to amend.  *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810

4   (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to

5   dismiss for failure to state a claim.").  Plaintiff, in his amended complaint, should allege specific

6   facts showing that in terminating Plaintiff, Defendant treated Plaintiff less favorably than other

7   employees on the basis of his race.

8   **IV.    CONCLUSION**

9           Defendant's Motion to Dismiss is GRANTED.  Plaintiff will be given an opportunity to

10  amend his Complaint.  Plaintiff's amended complaint shall be filed on or before November 11,

11  2010.[1]  In addition, the Court sets a Case Management Conference for November 12, 2010 at 1:30

12  p.m.

13          IT IS SO ORDERED.

14

15  Dated:  August 18, 2010

16

17  _____

18  JOSEPH C. SPERO
    United States Magistrate Judge

19

20

21

22

23

24

25          [1]At the hearing, the Court explained that it would give Plaintiff 90 days to amend his complaint,
    in order to allow him time to proceed with his efforts to retain counsel, and stated that the amended
26  complaint should be filed on November 12, 2010 – the same day as the further case management
    conference.  On further consideration, the Court Orders that the amended complaint shall be filed by
27  November 11, 2010, one day before the case management conference, in order to allow the Defendant
    and the Court to review the amended complaint prior to the case management conference.

28                                                      4

**United States District Court**
For the Northern District of California